UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

URBANA DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 07-CR-20063 |
| ) | |
| RANDY MAULDING, ) | |
| ) | |
| Defendant. ) | |

**OPINION**

On March 13, 2008, Defendant, Randy Maulding, filed a pro se Motion for Competency Hearing (#45). Defendant stated that he had requested to be taken off his medication for depression. He stated that he "feels he was incompetent before and during trial while on said medications and request[s] a professional opinion on this matter." On March 31, 2008, Defendant's counsel, John C. Taylor, filed a Response (#47) and asked that this court order a psychiatric exam by a duly qualified professional to determine Defendant's present competence and also provide an opinion based on a reasonable degree of medical certainty as to whether Defendant was competent at trial and during the period of arrest prior to trial. On April 3, 2008, the Government filed a Response (#48) and stated that "out of an abundance of caution, it concurs with defendant counsel's motion for an evaluation to determine the defendant's competency to participate in future proceedings" and "to the extent possible, . . . an examination whereby an opinion may be formed to determine the defendant's prior competency."

A hearing was held on April 10, 2008. Following the hearing, this court determined that Defendant should be examined regarding whether he is presently competent and also regarding whether the medication he was taking from October 10, 2007, the date he was taken into custody, until

January 15, 2008, at which time he had stopped taking the medication, rendered him unfit throughout trial. This court therefore entered an Order (#50) which granted Defendant's request for a psychiatric or psychological examination to determine Defendant's mental competency and ordered a psychiatric or psychological examination of Defendant. The Order also stated that the United States Marshal's service was ordered to immediately transport Defendant to the nearest available and convenient facility for such examination and that the examiner should prepare a report which included the examiner's opinion regarding Defendant's present competency and "also include[d] the examiner's opinion as to whether the medication Defendant was taking from the time he was taken into custody until just prior to January 15, 2008, rendered him mentally incompetent during his trial."

Defendant was subsequently transported to the Metropolitan Correctional Center in Chicago. On July 9, 2008, a psychiatric report (#54) was received and filed under seal. The report was written by Ron Nieberding, Ph.D. a licensed clinical psychologist. Dr. Nieberding stated that he conducted an examination of Defendant and also reviewed other information, which was listed in his report. Dr. Nieberding detailed his examination of Defendant and the tests administered to Defendant. Dr. Nieberding stated that, as far as Defendant's present competency, it was his opinion that Defendant "appeared to possess a reasonable understanding of the issues related to the process of adjudication" and "appeared to possess the capacity to adequately assist his attorney." Dr. Nieberding also stated that, as far as Defendant's competency at the time of his trial in November 2007, "[b]ased on a review of available information, while the possibility existed that he may have experienced some difficulty due to the combination of personal distress and medication side effects, there was little credible evidence to suggest [Defendant] was not competent at the time of his trial."

On July 16, 2008, this court scheduled a competency hearing for July 22, 2008. At the hearing on July 22, Defendant made an oral motion for an evidentiary hearing on competency. The

Government agreed that an evidentiary hearing should be held, and a hearing was scheduled for September 8, 2008.

On September 8, 2008, the Government called Dr. Nieberding as a witness. Dr. Nieberding testified about his educational background and experience as a psychologist. This court concluded, based upon that testimony, that Dr. Nieberding was qualified as an expert. Dr. Nieberding testified that he "felt that there was little evidence to suggest that the defendant was not competent to proceed presently." Dr. Nieberding testified that "it is a very unusual circumstance to address trial competency retrospectively." However, Dr. Nieberding testified that "[b]ased on a review of the information I had available to me at the time I think in question, which was somewhere around late November of last year, there seemed to be not a substantial amount of information to suggest that the defendant was experiencing symptoms of a serious mental disease or defect at that time." Defendant's counsel conducted a thorough cross-examination of Dr. Nieberding. During cross-examination, Dr. Nieberding acknowledged that the medication Defendant was taking at the time of his trial, can, in some individuals, cause confusion. However, Dr. Nieberding testified that, at the time he examined Defendant, he did not find either a severe mental defect or disease and that it would be more likely to have seen some degree of disorder if Defendant had a severe condition at the time of trial.

The Government did not call any other witnesses. However, the prosecutor stated for the record that Defendant's counsel did not, at any time, raise the issue of Defendant's competency, indicating that Defendant's experienced trial counsel did not question Defendant's competency. The Government further asked this court to take notice of the court's own observations of Defendant at trial, including the fact that Defendant engaged in jury selection, took notes, suggested questions to his counsel and engaged in a dialogue with this court regarding his right to testify or remain silent. This court agreed to take judicial notice of these facts and stated that "[t]he observations and

communications I've had with [Defendant] would indicate that he's – from at least my observations – fully competent, without any mental defect or disease that would be observable." This court further stated that Defendant was alert at all times during trial and that he actively participated by making and keeping copious notes. This court stated that "there was nothing whatsoever at any time during the trial that would indicate to me any confusion, any fogginess, any being not there, certainly no defect, disease, or any unusual matter that would cause this Court to have any concern."

Defendant's counsel then called Mary Maulding, Defendant's wife, as a witness. She testified that, at the time of his arrest, Defendant "just seemed kind of lost, not really understanding where everything was going." She also testified, however, that Defendant "understood what the charges were." She testified that Defendant had trouble remembering things two or three weeks prior to the time in October 2007 when Defendant's bond was revoked and he was taken into custody. Mrs. Maulding testified that, during that time, Defendant was depressed and "wasn't doing very much." Mrs. Maulding testified that, when she visited Defendant after he was taken into custody, he still did not fully understand where some of the charges were coming from and seemed "lost." Mrs. Maulding testified that she had not observed a change in Defendant's memory or the "sense of he's lost" from that time to the time of the hearing.

Defendant then took the stand on his own behalf and testified that he was taking the antidepressant medication, Zoloft, for about six months prior to the time he was charged in this case. Defendant stated that he continued taking antidepressant medication until January 2008. Defendant stated that he was also suffering from sleep apnea during that time. Defendant testified that he was able to use a device for his sleep apnea after he was taken into custody. He testified, however, that he only had the device for certain periods of time and thinks he was deprived of sleep quite a bit. Defendant testified that, while he was taking the antidepressant medication, it was "like I was almost

4

like in a dream state." Defendant testified that he stopped taking the medication in January 2008 because he got tired of the way he was feeling on the medication. He testified that, after he stopped taking the medication, he started feeling a lot better. Defendant testified that his mind really cleared up once he was off the medication. Defendant testified that he was in a hazy state during trial and had some difficulty understanding the proceedings. Defendant testified that he understands the court proceedings since he stopped taking his medication. During cross-examination, Defendant acknowledged that he remembered his trial, including jury selection and the presentation of evidence and also acknowledged that he suggested questions to his counsel and took notes during the trial.

At the conclusion of the evidentiary hearing, Defendant's counsel stated that he would like a transcript of the hearing prepared. This court therefore directed the court reporter to prepare a transcript of the hearing and set the case for a status hearing on October 17, 2008

On September 17, 2008, Defendant filed a pro se Motion for Substitution of Counsel (#56). Defendant stated that he felt his appointed counsel was inadequate, especially during the competency hearing. A hearing was held on the Motion on October 17, 2008. This court granted the Motion and appointed J. Steven Beckett to represent Defendant. On November 20, 2008, a hearing was held and Attorney Beckett asked that the case be continued so he could continue to review evidence, including the transcript of the evidentiary hearing held September 8, 2008. The transcript of the hearing (#62) was filed on November 25, 2008.

On January 23, 2009, a status conference was held in this case. Attorney Beckett stated that no further evidence was needed for this court to rule on the issue of Defendant's competency. The Government agreed that nothing further was needed.

The applicable statute provides that, if, after a competency hearing is held, "the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or

defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General." 18 U.S.C. § 4241(d).  On the other hand, a defendant is competent if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and] a rational as well as factual understanding of the proceedings against him."  Cooper v. Okla., 517 U.S. 348, 354 (1996), quoting Dusky v. United States, 362 U.S. 402 (1960).

This court has carefully reviewed Dr. Nieberding's report and the transcript of the testimony presented on September 8, 2008.  Following this review, this court finds that Defendant is presently mentally competent to proceed in this case.  This court notes that this conclusion is consistent with Defendant's own testimony that he currently understands the court proceedings.  This court also finds, based upon Dr. Nieberding's report, the testimony presented at the evidentiary hearing, and this court's observations of Defendant at trial, that Defendant was fully competent at the time of his trial. This court concludes, based upon the evidence, that Defendant was able to understand and participate in the proceedings and was able to consult with and assist his counsel.

This court notes that, on December 4, 2007, Defendant filed a pro se Motion for Extension of Time (#38).  Defendant asked for an extension of time to file a post-trial motion.  Also on December 4, 2007, Defendant's counsel filed a Post-Trial Motion (#39) seeking acquittal or, in the alternative, a new trial.  Defendant's counsel also filed a Motion for Extension of Time to File Brief in Support of Post-Trial Motion (#40).  This court granted the Motion for Extension of Time (#40) filed by counsel and allowed Defendant 30 days to file his brief in support of his post-trial motion. On December 20, 2007, Defendant's counsel filed a Motion to Continue Briefing and Vacate Sentencing Date (#43).  This Motion was granted on January 15, 2008.  On March 13, 2008, a status

conference was held and this court allowed Defendant until April 18, 2008, to file a brief in support of Defendant's Post-Trial Motion. No brief has ever been filed, presumably because the issue of competency intervened in these proceedings.

This court now orders that Defendant's new counsel is allowed until February 12, 2009, to file a Brief in support of Defendant's Post-Trial Motion. The Government is allowed until February 19, 2009, to file its Response to the Motion.

IT IS THEREFORE ORDERED THAT:

(1) Pursuant to the standard set out in 42 U.S.C. § 4241(d), this court finds that Defendant is presently mentally competent to proceed in this case. This court also finds, based upon all of the evidence presented, that Defendant was fully competent at the time of his trial.

(2) Defendant's current counsel is allowed until February 12, 2009, to file a brief in support of Defendant's Post-Trial Motion (#39). The Government is allowed until February 19, 2009, to file its Response to the Motion.

(3) Defendant's pro se Motion for Extension of Time (#38) is DENIED as moot.

(4) This case remains scheduled for a status conference by personal appearance on February 26, 2009, at 9:45 a.m.

ENTERED this 29th day of January, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE